UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DENISE BOGGS-WILKERSON,

                Plaintiff,

                                        Consolidated Under
v.                                  ACTION NO. 2:10CV518

ALONZO ANDERSON, and
UNITED STATES OF AMERICA ,

                Defendants.

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This personal injury case, arising from an accident between two service members near Naval Station Norfolk, was originally dismissed after the Court found Plaintiff could not recover under the Federal Tort Claims Act (FTCA) because the accident resulting in her injuries occurred incident to her military service. <u>Feres v. United States</u>, 340 U.S. 135, 146 (1950). The case is now before the Court for action on a second consolidated Complaint (originally assigned 2:11cv13, and hereinafter referred to as the "13-Complaint"), which was filed in Norfolk Circuit Court, removed to this Court and consolidated under this Civil Action No. 2:10cv518. The 13-Complaint is identical to the original Complaint except that it names only Alonzo Anderson as a defendant. Plaintiff has moved to remand, or in the

1

alternative to have this Court retain jurisdiction and proceed to decide the state uninsured motorist claim implicitly raised in the 13-Complaint. (ECF No. 38). By Order filed September 20, 2011, the Motion to Remand was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure.

The Motion presents the question of whether a Virginia Plaintiff, injured by an active duty military member, may pursue recovery from her uninsured motorist insurance carrier notwithstanding the named defendant's immunity from suit. Because the Virginia statute intending to permit such recovery requires that the action "proceed against the named defendant," and the United States has not waived sovereign immunity to permit such claims against it, the undersigned finds that the suit may not proceed. As a result, this Report recommends denying the Plaintiff's Motion to Remand and dismissing the case.

## FACTUAL AND PROCEDURAL HISTORY

On March 17, 2008, Master-at-Arms Third Class Alonzo Anderson ("Anderson") and Lieutenant Denise Boggs-Wilkerson ("Boggs-Wilkerson" or "Plaintiff"), both active duty members of the United States Navy, were involved in an automobile accident

near Naval Station Norfolk in Norfolk, Virginia.  (ECF No. 20-1 at 1-2).[1]  Boggs-Wilkerson alleges that the accident was caused by Anderson's negligent driving.

On October 19, 2010, Boggs-Wilkerson filed a federal Complaint seeking recovery against Anderson and the United States under the Federal Tort Claims Act ("FTCA").  (ECF No. 1 at 1).  In an effort to preserve the statute of limitations on a separate theory of recovery from her insurance carrier under an uninsured motorist endorsement, Boggs-Wilkerson also filed a second Complaint in Norfolk Circuit Court against Anderson alone.  The United States removed this second suit, the 13-Complaint, and certified that Anderson was acting in the scope of his employment.  (13-Complaint, Ex. 2, ECF No. 1-2).  The Court consolidated the 13-Complaint under this Civil Action Number on March 23, 2011, with Boggs-Wilkerson retaining leave to seek remand to Norfolk Circuit Court should the United States prevail on its argument that Boggs-Wilkerson's FTCA claims against the United States were barred by the Feres doctrine. Feres, 340 U.S. at 146. (ECF No. 17 at 1).

By Order entered July 19, 2011, the Court granted the United States' Motion to Dismiss the FTCA claim, holding that Feres applied and, as a result, the United States was immune

---

[1] Citations are to the parties' stipulation of facts (ECF No. 20-1) or the Defendant's supplemental declaration (ECF No. 25), as noted.  The complete factual history is detailed in the Court's prior Orders on the United States' Motion to Dismiss (ECF Nos. 36, 30).

from suit under the FTCA. (ECF No. 36). In accordance with Plaintiff's reserved right to seek remand, the July 19 Order granted Plaintiff fourteen days to move for remand to the Norfolk Circuit Court and brief the issue of whether she could pursue recovery from her uninsured motorist insurer. <u>Id.</u> Plaintiff filed the present motion and supporting brief, which was opposed by the United States and Boggs-Wilkerson's insurer, Progressive Direct Insurance Co. ("Progressive").[2] (ECF Nos. 42, 45). Boggs-Wilkerson replied, (ECF Nos. 46). Neither party requested oral argument, nor does the Court find oral argument necessary. As a result, the motion is now ripe for judicial review.

### RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

In uninsured motorists cases, Virginia is among a small minority of states that requires the plaintiff first obtain judgment against the alleged tortfeasor before bringing direct action against the insurer. <u>USAA v. Nationwide Mut. Ins. Co.</u>, 218 Va. 861, 241 S.E.2d 784 (1978); <u>Nationwide Mut. Ins. Co. v. Hylton</u>, 260 Va. 56, 61, 530 S.E. 2d 421, 423 (2000) (reversing trial court's entry of judgment against UM carrier directly and confirming that UM claim is an action <u>ex delicto</u>); <u>See also O'Brien v. Government Emp. Ins. Co.</u>, 372 F.2d 335, 341 (3rd Cir.

---

[2] Progressive was not named as a defendant in either the 518-Complaint or the 13-Complaint, but the Company did file an Answer to the 518-Complaint as permitted by Va. Code § 38.2-2206(F). The Company did not Answer the 13-Complaint but has filed briefs opposing remand.

1967) (interpreting Virginia law) (". . . recovery under the Virginia Act . . . requires that the insured first obtain judgment against the uninsured motorist.").

In cases involving immune defendants, Virginia law requires a plaintiff who seeks to pursue a UM claim to proceed against a "named defendant." Virginia Code section §38.2-2206(F). Though the named defendant need not pay any monetary judgment, the plaintiff must obtain a judgment against the named defendant which she can then seek to collect from her insurer. Id.; See USAA, 218 Va. At 866, 241 S.E.2d at 788; Hylton, 260 Va. at 61, 530 S.E. 2d at 423.

In this case, the named defendant in the 13-Complaint was Alonzo Anderson. However, as set forth below the United States' certification that Anderson was acting in the scope of his employment at the time of the accident requires substitution of the United States as defendant. 28 U.S.C. § 2679(d)(2). This is so even when the United States is immune from suit. Maron v. United States, 126 F.3d 317, 321 (4th Cir. 1997). Certification and substitution in an FTCA claim bars remand even when all federal claims have been resolved. Kebaish v. Inova Health Care Svcs., 731 F. Supp. 2d 483, 487 (E.D. Va. 2010). Absent a waiver of sovereign immunity, this Court lacks jurisdiction to try a case against the United States – even as a nominal defendant. Accordingly, as set forth in more detail below, the undersigned

recommends that Boggs-Wilkerson's Motion to Remand be denied and the case dismissed.

**A.**   **The United States should be substituted as the sole defendant based on its certification that Anderson was acting within the scope of his federal employment under 28 U.S.C. § 2679(d)(2).**

In the 13-Complaint, Boggs-Wilkerson named as a defendant Anderson, the driver of the vehicle.  On removal, however, the United States Attorney certified that Anderson was acting in the scope of his federal employment at the time of the accident. (13-Complaint, Ex. 2, ECF No. 1-2). As a result, the United States must be substituted as the sole defendant in this matter.[3]

The Federal Tort Claims Act immunizes a federal employee from liability for his "negligent or wrongful act[s] or omission[s] ... while acting within the scope of his office or employment...." 28 U.S.C. § 2679(b)(1).  The Code further states that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim

---

[3]The original 518-Complaint named both Anderson and the United States.  In the recommendation to dismiss, adopted by the District Court, the undersigned wrote that "the parties agree that Boggs-Wilkerson's exclusive remedy is a claim against the United States."  (ECF No. 30) (citations omitted).  In adopting the report, the District Court dismissed both Anderson and the United States (ECF No. 36).

in a United States district court shall be deemed an action against the United States…, <u>and the United States shall be substituted as the party defendant.</u>" 28 U.S.C. § 2679(d)(1) (emphasis added).

"[O]nce . . . certification has been made, the United States is substituted as the sole defendant and all suits filed in state court are removed to federal court; then the plaintiff's sole route for recovery is the Tort Claims Act." <u>Maron v. United States</u>, 126 F.3d 317, 321 (4th Cir. 1997). Substitution is required for any claim against a federal employee acting in the scope of employment even if the United States cannot be held liable. "For many torts the United States has not waived its sovereign immunity through the Tort Claims Act and therefore, the plaintiff cannot recover from the federal government despite the merits of his or her claim." <u>Id.</u> "Congress recognized that the required substitution of the United States as the defendant in tort suits against Government employees would sometimes foreclose . . . recovery altogether." <u>United States v. Smith</u>, 499 U.S. 160, 166, 111 S.Ct. 1180 (1991); <u>Rector v. United States</u>, 243 Fed. Appx. 976, 980 (6th Cir. 2007).

In this case, it is undisputed that Anderson, a military service member, was acting within the scope of his employment as he drove to his muster on March 17, 2008. (ECF No. 20-1 at 3).

7

The United States Attorney certified Anderson's scope of employment twice – first on May 20, 2010, in connection with Boggs-Wilkerson's FTCA claim, and again on November 23, 2010 when she filed the 13-Complaint in Norfolk Circuit Court. Neither party disputes the certification. (ECF. No. 1 at 2). Therefore, in accordance with 28 U.S.C. § 2679(d)(1) and unambiguous binding precedent, the undersigned recommends that the United States be substituted for Anderson as the sole defendant in the 13-Complaint.

**B.** **Under 28 U.S.C. § 2679, the scope of employment certification precludes remand even after federal claims are dismissed.**

Following certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident, 28 U.S.C. §2679(d)(2) states that "any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending."

Plaintiff originally filed the 13-Complaint in Norfolk Circuit Court, and the United States removed to this Court under the FTCA, 28 U.S.C. §§ 1346(b), 2671 et seq. (ECF No. 1 at 1). Boggs-Wilkerson now argues that, after removal and

consolidation, this Court obtained supplemental jurisdiction over her Virginia uninsured motorist claim ("UM claim"). (ECF No. 46 at 2-3). As the Court previously dismissed the FTCA claim, she asserts the only remaining matter is the state UM claim, and therefore remand is appropriate. <u>Id.</u>

In support of this position, Boggs-Wilkerson's counsel cites to binding precedent that stands for the non-controversial proposition that district courts have discretion to either maintain jurisdiction or to remand supplemental state law claims after resolving any pending federal claims. <u>Carlsbad Technology Inc. v. HIF BIO, Inc.</u>, 129 S.Ct. 1862 (2009); <u>Farlow v. Wachovia Bank of NC</u>, 259 F.3d 309, 316 (4th Cir. 2001); <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 725-26 (1966); and <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 357 (1988).

These cases, however, did not involve tort claims against the United States. Unlike a bank or a university, the United States may not be sued in state court (or any court) absent a waiver of sovereign immunity. Injury claims against the United States filed in "State court <u>shall</u> be removed…." 28 U.S.C. §2679(d)(2) (emphasis added). Moreover, this statutory mandate provides no discretion to the Court to remand a case still pending against the United States. This is so even if any judgment in the state case would not be rendered against the Government.

"[O]nce certification and removal are effected, exclusive competence to adjudicate the case resides in the federal court, and that court may not remand the suit to the state court." Osborn v. Haley, 549 U.S. 225, 231 (2007); Kebaish v. Inova Health Care Services, 731 F.Supp. 2d 483, 487 (E.D. Va. 2010). ". . . '[T]he Attorney General's certification forecloses any jurisdictional inquiry' because the certification conclusively provides the basis for federal jurisdiction under § 2679(d)(2)." Kebaish, 731 F.Supp. 2d at 487(quoting Osborn, 549 U.S. at 243).

In Kebaish, the District Court considered a case against 14 defendants, two of whom were federal employees. Id. At 484. The United States certified the two federal defendants were acting in the scope of their employment and removed the case to federal court.  Thereafter, the plaintiff filed a stipulation dismissing its claim against the two federal employees and sought remand of the case – which then involved exclusively state law claims asserted against mostly non-diverse parties. Id. At 485. While observing that the "case present[ed] an undeniably appealing candidate for remand," the Court denied the motion.  It noted that under Osborn the scope of employment certification conclusively determined jurisdiction in federal court and precluded remand even if subsequent developments in the case would otherwise divest the Court of jurisdiction.  Id. At 486-87.

Boggs-Wilkerson attempts to distinguish <u>Osborn</u> on the basis that the scope of employment certification in that case was disputed. (ECF No. 46 at 4-5). She argues that this distinction is significant because the purpose of <u>Osborn</u> was only to address "antishuttling" between federal and state courts when the United States' certification as to scope of employment fails. (ECF No. 46 at 5). Because Boggs-Wilkerson does not contest Anderson's scope of employment, she argues <u>Osborn's</u> antishuttling mandate does not apply here. <u>Id.</u>

Regardless of the factual distinctions in <u>Osborn</u>, its principal holding – that remand is prohibited after the scope of employment is certified under 28 U.S.C. §2679(d)(2) – applies to these facts. Mandatory removal, prescribed by 28 U.S.C. §2679(d)(2), strictly limits the Court's general discretion to remand state law claims. <u>Osborn</u>, 549 U.S. at 231; <u>Kebaish</u>, 731 F.Supp. 2d at 487. Therefore, based on the mandate in 28 U.S.C. §2679(d)(2), the undersigned recommends the Court deny Plaintiff's Motion to Remand.

**C.    The United States remains immune from suit, even as a nominal defendant, notwithstanding Virginia Code § 38.2-2206(F), and Boggs-Wilkerson's Complaint should be dismissed.**

Because remand is foreclosed, Boggs-Wilkerson asserts an alternate theory that this Court should retain jurisdiction and permit her to try the negligence claim here – either against

Anderson or the United States as a nominal defendant – to permit recovery from her uninsured motorist insurer.

This argument highlights the fact that the United States' immunity under <u>Feres</u> bars Boggs-Wilkerson's tort recovery even though her insurance policy would provide coverage for her alleged damages. (ECF No. 39 at 3-6). She notes the underlying legislative intent and remedial nature of the FTCA and Virginia Code section §38.2-2206(F) both suggest she should be permitted to maintain the action. Although the result may seem inequitable, the undersigned concludes that the Defendants' immunity from suit bars the action against them even as nominal parties. Accordingly, the Court lacks jurisdiction to retain the case and it should be dismissed.

The Court first reiterates that Anderson, as a federal employee acting within the scope of his employment, may not remain as a defendant. "Even in cases where the United States has not waived its immunity, the United States must still be substituted and the individual defendant still remains immune from suit if the tort occurred within the scope of employment. The plaintiff, despite [any] seeming unfairness, cannot proceed against the individual defendants." <u>Maron</u>, 126 F.3d at 321-22; <u>See also</u>, <u>Osborn v. Haley</u>, 549 U.S. 225, 238 (2007) ("The District Court's rejection of certification and substitution effectively denied [the employee] the protection afforded by [28

12

U.S.C. § 2679], a measure designed to immunize covered federal employees not simply from liability, but from suit.")(citations omitted); <u>U.S. v. Smith</u>, 499 U.S. 160, 165 (1991) (holding that a Government employee acting in the scope of his employment cannot be a named defendant even when an FTCA exception precludes recovery against the Government). That leaves the only potential named defendant against which this claim could proceed the United States.

The Virginia legislature has attempted to provide a remedy against immune defendants by enacting Virginia Code §38.2-2206(F). The Code section states that individuals who are harmed by entities immune from liability shall be allowed to proceed under Virginia's UM Statute as though the entity were an uninsured motorist. Specifically it provides:

> . . . the immunity from liability for negligence of the owner or operator of a motor vehicle shall not be a bar to the insured obtaining a judgment enforceable against the insurer for the negligence of the immune owner or operator, and shall not be a defense available to the insurer to the action brought by the insured <u>which shall proceed against the named defendant</u> although any judgment obtained against an immune defendant shall be entered in the name of "Immune Defendant."

Va. Code § 38.2-2206(F) (emphasis added).

The statute was applied in <u>Couplin v. Metropolitan Washington Airport Authority</u>, where a Virginia trial court held that uninsured motorist insurers were liable to compensate their

insureds for injuries caused by the negligent operation of a vehicle, notwithstanding that driver's immunity from liability under Virginia law. CL-2003-218892, 2007 WL 6006615 at *3 (Va. 2007). In Johnson v. Puckett, another Virginia case, a Roanoke police officer collided with vehicle while on a duty. No. CL08-347, 2010 WL 7372604 at *2 (Va. 2010). The Court granted pleas in bar filed by both the officer and the City, but allowed the City of Roanoke to remain a party to the suit despite its immunity, for the purpose of obtaining a judgment that could be enforced against Plaintiff's insurers. Id.[4]

Plaintiff argues that, like Roanoke and the Airport Authority, the United States should also be required to remain as a nominal defendant for the purpose of permitting her to obtain a judgment to enforce against her UM insurer. Boggs-Wilkerson stresses that this is prescribed by the Virginia statute, and that the United States would suffer no harm in remaining a defendant "in name only." (ECF No. 39 at 4-5). The United States argues that, regardless of any perceived unfairness, the Court lacks jurisdiction to try the case even where it is only a nominal party. The undersigned agrees with the United States.

---

[4] Similarly, the other state case cited by Plaintiff, Williams v. Holsclaw, 495 S.E.2d 166, 167 (N.C. 1998) involves a city police officer.

Though not without critics,[5] federal sovereign immunity is among the oldest of this country's common-law rules. Feres, 340 U.S. at 139 (citing United States v. McLemore, 45 U.S. 286 (1846) and others); Cohens v. Virginia, 19 U.S. 264 (1821). Permitting a waiver of immunity under "[t]he Tort Claims Act was not an isolated and spontaneous flash of congressional generosity. [Rather] it mark[ed] the culmination of a long effort to mitigate unjust consequences of sovereign immunity from suit." Feres, 340 U.S. at 139. Immunity of federal employees under the FTCA also anticipates "not simply [immunity] from liability but from suit." Osborn, 549 U.S. at 238. Permitting either Anderson or the United States to remain as even a nominal defendant would contradict this explicit mandate.

The Virginia legislature cannot create exceptions to federal sovereign immunity. In this case, Anderson is immune as the United States Attorney certified he was acting in the scope of his employment. The United States, which must be substituted for Anderson, has not waived its sovereign immunity. Because Virginia state sovereign immunity is matter of state law, Virginia may legislate an exception to state or municipal

---

[5] Justice Stevens has been particularly consistent in expressing his disdain for sovereign immunity, which he called "the vainest of all legal fictions." U.S. v. Dalm, 494 U.S. 596, 622, 110 S.Ct. 1361, 1375 (1990) (Stevens, J. dissenting). "Its persistence cannot be denied but ought not to be celebrated. Nor should its fictive origin ever be forgotten." Id. For more detail See, John Paul Stevens, Is Justice Irrelevant, 87 Nw. U. L. Rev. 1121 (1993).

immunity when Virginia plaintiffs are injured by other immune defendants. The Supremacy Clause precludes a similar state-created exception to federal sovereign immunity. Central to the Supreme Court's understanding of sovereign immunity is the concept "that the power of consent to such suits is reserved to Congress." U.S. v. Dalm, 494 U.S. 596, 610, 110 S.Ct. 1361, 1369 (1990). Because Congress has not consented to permit personal injury claims against it except as prescribed in the FTCA, this Court has no jurisdiction to try an individual's tort case excepted from that Act by Feres.

Boggs-Wilkerson argues that a Eleventh Circuit case, State Farm v. Baldwin, 764 F.2d 773 (11th Cir. 1985), recognized an exception to federal immunity in this context. Baldwin involved circumstances similar to Boggs-Wilkerson's, a military service member's motorcycle collided with a government vehicle driven by a civilian federal employee. Id. at 774. Like Boggs-Wilkerson, the service member sought UM coverage under his policy. Id.

Alabama's UM statute (like Virginia's) permitted a plaintiff to collect under his UM policy from any entity from which he is "legally entitled to recover damages." Id. at 776. The uninsured motorist carrier argued that since the United States was immune from suit, it could not be considered an entity from which the plaintiff was "legally entitled to recover damages," and therefore plaintiff could not collect under his UM

16

coverage. The Eleventh Circuit held that the _Feres_ doctrine did not bar the state UM claim, concluding that the United States could be characterized as an entity from which the plaintiff was "legally entitled to recover damages" for purpose of coverage under Alabama's UM statute. _Id._ at 779.

Alabama's statute, however, (unlike Virginia's) allowed insureds to prosecute direct claims against their UM insurers without first obtaining judgment against the alleged tortfeasor. _Browder v. General Motors Corp._ 991 F. Supp. 1402, 1406 (M.D. Ala. 1997). In fact, State Farm, facing a direct claim from its insured, sought declaratory relief under its policy in federal court. Because Alabama plaintiffs may sue their insurers directly, characterizing the United States or its employees as an entity from which the plaintiff was "legally entitled to recover damages" does not infringe upon the United States' immunity from suit in the way that naming it as a defendant, as Virginia law requires, would.[6]

---

[6] As illustrated by the Eleventh Circuit opinion, allowing an insured to bring a direct action against the insurer for uninsured motorist benefits without first suing to obtain a judgment against the uninsured motorist would allow the Court to bypass the immunity analysis and would provide the result which appears to be intended by Virginia Code section §38.2-2206 (F). In fact, the Virginia rule requiring the case proceed first against the named defendant remains the minority view. _See Baker v. Continental Western Ins. Co._, 748 F. Supp. 716, 720 n.5 (W.D. S.D. 1990) (citing cases from twenty states which permit direct action against the insurer).

In a case not cited by either party, the Fourth Circuit considered closely related facts and affirmed a result similar to that here recommended. Goodwyn v. Simons, 90 Fed. Appx. 680 (4th Cir. 2004) (unpublished) (per curiam). Goodwyn also involved a claim against a military member for wrongful death suffered in an automobile accident. Plaintiff filed suit against the military member, Simons and the United States. She also sought coverage under her own insurance policy issued by Virginia Mutual Insurance Co. The United States denied that Simons was acting in the scope of his employment, but eventually settled Goodwyn's claims against it prior to any judicial determination of that issue. As a result, the United States was dismissed as a party. When Simons raised the scope of his federal employment as a defense, Goodwyn sought to amend the complaint to drop the FTCA claims.

The District Court denied the motion to amend and found, after a pretrial hearing, that Simons had acted in the scope of his employment and as a result was immune from suit. The Court then dismissed what were described as Goodwyn's "state law claims against Virginia Mutual Insurance Co." Id. at 683.

The Fourth Circuit affirmed the decision in all respects. As relevant here, the Court found no abuse of discretion in denying Goodwyn's motion for leave to amend.

> Once the District Court concluded that Simons acted in the scope of employment, . . . Simons was immune from suit and the United States would ordinarily be substituted as a party under the FTCA. This option was no longer available because Goodwyn settled with the United States and stipulated to its dismissal from the case.  The only logical course of action available to the District Court at that time was to dismiss the federal claims in the Complaint in their entirety as there was no longer a proper defendant before the Court as to those claims.  After the District Court reached this decision, amendment of Goodwyn's complaint would have been futile.

Id. at 681-82.

The Fourth Circuit went on to affirm the District Court's decision to decline jurisdiction over any state law claims remaining.  As a result, it never reached the issue of whether a UM claim against the insurer alone would survive in either state or federal court, in light of Virginia's requirement that the case "proceed against the named defendant."

As set forth above, and conceded by Boggs-Wilkerson, Virginia law appears to require that, prior to recovery from her UM insurer, Boggs-Wilkerson would have to prosecute the tort

Claim to judgment "against the named defendant."[7] Va. Code §38.2-2206(F). Because that claim cannot proceed against the United States, absent its consent or a statutory waiver of sovereign immunity, the undersigned recommends that the 13-Complaint be dismissed.

## CONCLUSION

For the foregoing reasons, the undersigned recommends that the United States be substituted for Alonzo Anderson as the sole defendant, that the Court DENY Boggs-Wilkerson's Motion to Remand the Consolidated 13-Complaint, and DISMISS the case against the United States as Virginia Code §38.2-2206(F) creates no exception to its immunity from suit.

## REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.    Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and

---

[7] The undersigned acknowledges some ambiguity in the Virginia Code regarding immune defendants.  Section 38.2-2206(B) defines Uninsured Motor Vehicle as one in which the owner or operator "is immune from liability for negligence under the laws of the Commonwealth or the United States in which case the provisions of subsection F shall apply and the action shall continue against the insurer." (emphasis added). As discussed, subsection F states that claims involving immune parties "shall proceed against the named defendant."  Read in the context of Virginia's firmly established precedent requiring UM claims be presented first against the alleged tortfeasor, the undersigned concludes that this Court could not proceed to try the case or enter judgment against Progressive alone - without a "named defendant" alleged to be liable in tort. Hylton, 260 Va. At 61, 530 S.E.2d at 423.

recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2.  A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/

Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
November 17, 2011

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed

this date to the following:

Martin A. Thomas
Decker, Cardon, Thomas, Weintraub & Neskis, PC
109 E. Main Street, Suite 200
Norfolk, VA  23510

George Janis Dancigers
McKenry, Dancigers, Warner, Dawson & Lake, PC
192 Ballard Court, Suite 400
Virginia Beach, VA  23462
Joel Eric Wilson
United States Attorney Office
101 W. Main Street, Suite 8000
Norfolk, VA  23510

Joel Eric Wilson
Virginia Lynn Van Valkenburg
United States Attorney's Office
101 W. Main Street, Suite 8000
Norfolk, VA  23510

Thomas A. Fitzgerald, II
Matthew W. Hoffman
Law Office of Stark, Dunkum, Fitzgerald & Lane
690 Town Center Drive, Suite 202
Newport News, VA  23606


Fernando Galindo,
Clerk of Court

By:_____
Deputy Clerk

_____, 2011